**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50199 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 5:18-cr-00232-JGB-1<br>5:18-cr-00232-JGB |
| MICHAEL LOUIS WALTERS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 15, 2023**
Pasadena, California

Before: WALLACE, HURWITZ, and BADE, Circuit Judges.

Michael Louis Walters appeals from the district court's judgment entered

after a bench trial convicting him of failure to register as a sex offender in violation

of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C.

§ 2250(a). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and we affirm.

Walters first contends that the district court erred when it held that he had not proven the affirmative defense of uncontrollable circumstances under 18 U.S.C. § 2250(c). This amounts to a challenge to the sufficiency of the evidence supporting the district court's determination of his guilt following the bench trial, which we review de novo. *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016). Viewing the evidence and all reasonable inferences which may be drawn from it in the light most favorable to the verdict, we conclude there was no error. The district court was entitled to reject, in whole or in part, testimony from Walters's wife and his defense investigator supporting the affirmative defense. *United States v. Vasquez*, 858 F.2d 1387, 1391 (9th Cir. 1988) (credibility determinations "are matters left to the trier of fact"). It was also entitled to credit contrary evidence, such as testimony about the Corona Police Department's registration procedures and call and visit logs indicating Walters never himself contacted the Department to try to register prior to trial.

The district court did not abuse its discretion by imposing supervised release. *United States v. Valdavinos-Torres*, 704 F.3d 679, 692 (9th Cir. 2012). Because Walters was convicted of a SORNA violation, the district court was required to impose supervised release. 18 U.S.C. § 3583(a), (k). Even if the district court was not required to do so, imposing supervised release was not an

abuse of discretion given that Walters had failed to register upon moving to California and made no efforts to register until the eve of trial. *See id.* §§ 3583(a), 3553(a)(2).

The district court also did not abuse its discretion in requiring Walters to participate in an assessment to determine his present risk to the community as a condition of supervised release. *See United States v. Hohag*, 893 F.3d 1190, 1192–93 (9th Cir. 2018). The assessment is a "relatively minimal burden" on Walters's liberty that is warranted because his recent failure to register could "suggest[] that [he] still poses a risk of engaging in sexual misconduct." *Id.* at 1193–94. Walters's citation to *United States v. T.M.*, 330 F.3d 1235 (9th Cir. 2003), is not persuasive because the defendant's recent actions in *T.M.* "[bore] no significant relation to sex offender status," *id.* at 1241, unlike Walters's failure to register here. *See Hohag*, 893 F.3d at 1193.

**AFFIRMED.**